This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37931**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SHARLA DESERSA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from a district court judgment entered after Defendant pled guilty to larceny and conspiracy to commit larceny. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition.

**Issues 1 and 2:**

**{2}** Defendant continues to claim [MIO 3] that the district court should have allowed her to withdraw her plea because double jeopardy required merger of the two offenses

in her plea. *See State v. Handa*, 1995-NMCA-042, ¶ 39, 120 N.M. 38, 897 P.2d 225 (stating that the remedy for double jeopardy bar in a plea is to allow a defendant to vacate the plea). Our Supreme Court has held that a defendant can assert a double jeopardy defense even when they have pled guilty to the challenged offense and failed to reserve the issue in the plea. *See State v. Nunez*, 2000-NMSC-013, ¶ 99, 129 N.M. 63, 2 P.3d 264.

{3}     In this case, Defendant was indicted on four charges: larceny, conspiracy to commit larceny, and two counts of attempted burglary of a vehicle. [RP 21] Defendant pled guilty to the larceny charges in exchange for the dismissal of the burglary charges. [RP 156] Prior to sentencing, Defendant filed a motion to dismiss one of the offenses based on double jeopardy merger. [RP 169] Specifically, Defendant argued that the conduct in this case is unitary. [RP 170-71]

{4}     In double jeopardy double description cases, where we consider merger of separate statutory offenses, we apply the two-part test set forth in *State v. Swafford*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223: (1) whether the conduct is unitary and (2) if so, whether the Legislature intended to punish the offenses separately. *See State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616.  "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.* (internal quotation marks and citation omitted).

{5}     The factual basis of the plea in this case indicated that Defendant committed larceny as an accessory, and that she conspired with another individual to commit the crime. [RP 175] Even if we agreed with Defendant that there was unitary conduct in this case, our Supreme Court has stated that the legislative purpose factor would not support Defendant's double jeopardy claim. *State v. Carrasco*, 1997-NMSC-047, ¶ 36, 124 N.M. 64, 946 P.2d 1075 ("The crimes of conspiracy and accessory to a crime are separate offenses based on separate acts for which the Legislature has intended multiple punishments.").

**Issue 3:**

{6}     Defendant continues to claim that she should have been allowed to withdraw her excusal of a previously assigned judge. [MIO 5] Defendant has not indicated that she filed her motion within the ten-day deadline governing excusals. Rule 5-106(D) NMRA. In addition, any error with respect to excusal cannot be based on Defendant's own request. *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal.").

{7}     For the foregoing reasons, we affirm.

{8}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**